**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**CHRISTOPHER THOMAS**                                                 **PLAINTIFF**

**VS.**                               **CIVIL ACTION NO. 3:10CV11-HTW-LRA**

**THE CITY OF JACKSON,
MISSISSIPPI, ET AL**                                                **DEFENDANTS**

_____

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court regarding Plaintiff's failure to appear, or to cause counsel to appear on his behalf, at the case management conference which was scheduled in this case on March 11, 2010, before the undersigned. Plaintiff also failed to respond to this Court's Order [#4] entered on March 22, 2010, granting him fourteen days within which to notify the Court as to whether he would retain new counsel, or represent himself, and whether or not he wished to dismiss this case. He was warned that his failure to respond to the Order would result in the dismissal of his case without further notice.

Plaintiff's case was filed by his attorney Peter A. Stewart, III, P. O. Box 820105, Vicksburg, Mississippi, on January 6, 2010. Subsequent to the scheduled case management conference, the undersigned was advised that Mr. Stewart had been suspended from the practice of law. Imhotep Alkebu-lan is the attorney for Plaintiff in related federal cases, Civil Action Nos.

3:09cv487 and 3:10cv10.  He was contacted and participated in a status conference with the undersigned on March 12, 2010.  He informed the Court that he did not represent Plaintiff in the current case.

Thereafter, the undersigned entered an Order [#4] directing Plaintiff individually to notify the Court of his intentions regarding this case within fourteen days, or by April 5, 2010.  The Order was mailed to him at his home address, 181 East Woodcrest, Jackson, MS  39212.  No response has been sent to the Court.

Plaintiff Thomas filed this case, and it was his responsibility to prosecute his claim in accordance with the rules and the Orders of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.**  If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except … ---- operates as an adjudication on the merits.

(Emphasis added.)

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority.  *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962).  The Court must be able to clear its calendars of cases that remain

dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.*, 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in Plaintiff's case supports such a finding. Plaintiff obviously lost interest in pursuing this lawsuit after his original counsel could no longer represent him. He was given fourteen days to contact the Court and advise it of his intentions to go forward. His counsel in other litigation disavow any intent to represent him in this case. The sanction of dismissal is necessary in order to officially conclude the litigation against these Defendants. The statute of limitations may not have run on Plaintiff's claims, and the dismissal may be without prejudice.

For the above reasons, the undersigned recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). **Plaintiff shall file any objections to this Report and Recommendation on or before June 8, 2010, or his case shall be dismissed without further notice.**

THIS the 20th day of May, 2010.

                                               S/ Linda R. Anderson
                                           UNITED STATES MAGISTRATE JUDGE